[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 12 2007
THOMAS K. KAHN
CLERK

_____

No. 06-15909

_____

D. C. Docket No. 06-00570-CV-T-30-TGW

JOHN SEMMA,

Plaintiff-Appellant,

versus

PRINCIPAL LIFE INSURANCE COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(June 12, 2007)**

Before ANDERSON, MARCUS and COX, Circuit Judges.

PER CURIAM:

This case was scheduled for oral argument. Pursuant to the consent of counsel, however, the appeal was submitted on the briefs.

After careful consideration of the briefs, record and the district court's helpful opinion, we conclude that the judgment of the district court is due to be affirmed. With respect to plaintiff's accidental death and dismemberment claim, we readily conclude that Principal Life's determination – that the injury did not result from external, violent and accidental means – was not wrong. The "external, violent and accidental means" clause was not satisfied by plaintiff's designated cause, the surgery. Alternately, we also conclude that the claim was properly denied because a pre-policy 1962 eye injury was a contributing cause of plaintiff's loss, so that plaintiff also failed to satisfy the "direct and sole cause of loss" clause.

With respect to plaintiff's accelerated life insurance claim, we also conclude that Principal Life's determination – that plaintiff failed to satisfy the "expected to die within twelve months" requirement – was not wrong. We reject plaintiff's argument that the limiting condition – "in the absence of extensive or extraordinary medical treatment" – applies to the "expected to die within twelve months" clause, or otherwise renders that clause ambiguous. That limiting condition applies to the definition of "Qualifying Event", but not to the "expected to die within twelve months" requirement.

Accordingly, the judgment of the district court is

AFFIRMED.